OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about May 26, 2006, reversed, with $30 costs, and matter remanded for further proceedings consistent with this decision.
Petitioner landlord was the sponsor of the cooperative conversion of the subject building premises, and is the holder of the unsold shares and proprietary lessee of 12 apartment units, including the apartment occupied by respondents Block, the nonpurchasing rent-stabilized tenants. It is undisputed that the cooperative is a “pet-friendly” building and that many of the residents own dogs. Petitioner brought this holdover proceeding in November 2005 on the ground that tenants, without permission, were harboring a pet in violation of the governing lease agreement and the cooperative’s rules and regulations. Tenants asserted as an affirmative defense that landlord waived the lease provision by failing to commence this proceeding within three months of obtaining knowledge of the dog’s presence. The uncontradicted trial evidence established that tenants previously kept a dog in their apartment for a decade until that dog died in April 2005, and that two months later, in June 2005, tenants adopted their current dog, Gabby, a mixed breed pit bull. Gabby was walked on a daily basis in open view of the cooperative building’s 24-hour door attendants and other employees for more than three months prior to the commencement of this holdover proceeding. Although petitioner had an off-site managing agent, the record demonstrates an interrelationship between petitioner and the managing agent and employees of the cooperative. The cooperative’s managing agent provided all services to the common areas of the building and 24-hour security personnel to all building tenants. Moreover, it was the cooperative’s managing agent who notified petitioner that tenants were harboring a new dog in their apartment. Notably, petitioner’s managing agent enlisted the cooperative’s employees to attend to apartment repairs for which petitioner was responsible.
On these facts, we find that the knowledge of the building employees is imputable to petitioner for purposes of the Pet *83 Law (see Administrative Code of City of NY § 27-2009.1 [b]; Seward Park Hous. Corp. v Cohen, 287 AD2d 157 [2001]). Absentee landlords cannot avoid having “imputed knowledge” of the presence of a pet by “turning a ‘blind eye’ to this open and notorious fact” (Seward Park Hous. Corp. v Cohen, 287 AD2d at 168).
Inasmuch as the trial court did not reach the issue of whether the aggressive behavior of tenants’ dog as alleged by petitioner constituted a violation of paragraph 13 of the parties’ lease agreement, we remand the matter for such further proceeding as may be necessary to permit a merits determination on that issue.
McKeon, EJ., and Davis, J., concur.